LABORDE, Judge.
Defendant, Peterech Ardoin, was convicted of simple burglary, a violation of LSA-R.S. 14:62, and was sentenced to six years at hard labor. Defendant now appeals his conviction on the basis of one assignment of error. We affirm.
FACTS
At approximately 9:00 p.m. on August 8, 1985, Officers Valenti and Guillory of the Eunice Police Department spotted the defendant climbing over the Burnett and Gor-man Co. fence carrying a cooler with gasoline spilling therefrom. The defendant proceeded to the rear of a car where he was arrested. Defendant was using his father’s car which was parked just outside the fence, motor running, lights on, trunk partially opened.
Officer Valenti inspected the Burnett and Gorman yard and discovered citizen band (CB) radios missing from two trucks. The mounting screws in these two victimized vehicles were loose on the floor and the radios’ wires had been snipped.
Defendant’s father’s car was impounded, and a search warrant for the car was issued. Lt. Brickley performed the search and discovered CB radios, gas cans and power tools in the car’s trunk. One CB was a “Smokey Midland” brand. This latter fact is relevant because the defendant presented his father as a witness who testified that he had CB’s in his car’s trunk, but specifically stated he had no “Midland” CB, or gas cans in the car’s trunk.
David Thibodeaux, field representative for Burnett and Gorman, testified that the defendant was not authorized to be on the Burnett and Gorman premises. Mr. Thibo-deaux also identified the CB’s found in the car defendant was using as Burnett and Gorman property.
ASSIGNMENT OF ERROR
In his only assignment of error, the defendant argues that the trial court erred in entering a jury verdict of guilty, and in denying a post-judgment motion for acquittal, because he alleges that there was an absence of evidence from which a reasonable trier of fact could conclude, beyond a reasonable doubt, that a burglary was committed by defendant. Specifically, the defendant alleges that the prosecution failed to prove that defendant’s entry was unau *292 thorized and, that defendant had stolen any property.
In reviewing the sufficiency of evidence to support a conviction, the appellate court must determine whether, viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the defendant guilty beyond a reasonable doubt. Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979).
Here, both Officer Valenti and Officer Guillory testified they saw the defendant climbing Burnett and Gorman Co.’s seven foot fence, carrying a cooler of gasoline. The Officers testified that the defendant approached a white car where he was arrested. Officer Guillory noted that the defendant smelled of gasoline which he had spilled on himself. Officer Valenti testified that the trunk of the car was ajar, and that the engine was running.
Valenti investigated the Burnett and Gorman yard, which defendant had just exited, and found two Citizen Band radios missing from the company trucks. Valenti noticed loose screws and cut wires on the truck flooring. Pursuant to a search warrant, Lt. Richard Brickley performed a search of the car, formerly in defendant’s possession, and found two CB’s, handtools and two gas cans.
David Thibodeaux, field representative for Burnett and Gorman, identified the two CB’s as the company’s property. Mr. Thi-bodeaux stated that he would have known if the CB’s had been stolen previously. Mr. Thibodeaux also stated that the defendant had no permission to enter the Burnett and Gorman yard.
The defendant argues that the CB radios belonged to the defendant’s father. Defendant’s father stated that he had a Sharp and a Realistic Brand CB in his car’s trunk. Defendant’s father stated he did not have gas cans, or a Midland CB radio in his car’s trunk. Defendant’s father also stated the position of the goods in his car’s trunk had been altered since he loaned his car to the defendant seven to eight days earlier.
A rational factfinder could find, viewing the evidence most favorable to the prosecution, that defendant’s entry was unauthorized, and that he stole gasoline, coolers, and CB radios.
We find each and every element of this crime proven beyond a reasonable doubt. This assignment of error lacks merit.
For the above and foregoing reasons, the defendant’s conviction and sentence are affirmed.
AFFIRMED.